**THOMAS, Plaintiff-Appellant, v. TURPIN, Jr., Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2235.   Decided November 12, 1953.

T. L. Barger, Dayton, for plaintiff-appellant.
Paul W. Rion, J. G. Tourkow, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming a judgment of the Municipal Court for the defendant-appellee. The judgment in the Municipal Court was entered by Joseph J. Freemas, Acting Judge.

Ten errors are assigned, all of which, save two, may be encompassed in the one claim that the court erred in resolving the evidence in favor of the defendant and against the plaintiff.

The acting judge made special findings, which set forth the developments upon which the errors assigned are predicated.

The material findings are that "the driver of the defendant's automobile was negligent in the operation of same; that the evidence adduced by the plaintiff pertaining to the driver of the car, who is the father of the defendant, as to his being the agent of the defendant, was made voluntarily and comes under the rule of res gestae; that the testimony of the police officer corroborating the plaintiff's statements about the

480

driver of the car did not in any way establish the existence of principal and agent; and that the plaintiff has failed to establish such agency." As determined in the above findings, the defendant was the son of the driver of the car, and not present with the father at the time of the collision. At the time of the collision the father made the statement to the plaintiff that he, the father, was on an errand for the son, namely, to purchase supplies at a plumbing establishment. Whether or not this was properly admitted as a part of the res gestae may not be tested because the appellee prosecutes no cross appeal. Whether or not it was admissible as a part of the res gestae, it was admitted as a declaration of the reputed agent as to his agency. The defendant testified that his father was not his agent, and at the time of the collision he was operating the car for his (the father's) own benefit.

Evidently the trial judge made his findings upon the determination that taking the testimony of the plaintiff alone, it was insufficient to establish the agency of the father for his son, the defendant. This holding was sound. Chief Justice Shauck, in the opinion in the **General Cartage & Storage Co. v. Cox, 74 Oh St 292,** made this statement:

· "Nor should there be any dissent from the legal proposition * * * viz., that the authority of an agent can not be proved by his own declarations."

To like effect are **Hroblak v. Metropolitan Life Insurance Co., 50 Abs 395; State, ex rel. Owens v. Trustees of Section 29, 11 Ohio 24; Kraus v. Cincinnati Tobacco Warehouse Co., 16 Oh Ap 468.** There were no corroborating circumstances. That which is so characterized was but the declaration of the father.

The fifth assignment of error is that "the court erred in condoning the defendant's not producing his father, the driver of the car, in court to testify as a witness." Of course, the defendant was under no compulsion to use his father as a witness, and the plaintiff could have developed his testimony had he so desired.

The sixth error assigned is, "A person appointed as acting judge for a certain day has no authority or jurisdiction to render judgment and to approve papers days and weeks after the expiration of his appointment." We find nothing in the record which exemplifies this assignment. If the plaintiff did maintain his claim, that the acting judge was serving for one day only, then he would be without the benefit of a bill of exceptions, which was signed by the acting judge long after the judgment entry was signed.

The judgment will be affirmed.

WISEMAN, PJ, MILLER, J, concur.